Filed 2/27/26  P. v. Mahan CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086126 |
| Plaintiff and Respondent, | (Super. Ct. No. SCD303978) |
| v. | |
| NEMUEL MAHAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Marian F. Gaston, Judge.  Affirmed as modified and remanded with directions.

Jake E. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Attorney General, Arlene A. Sevidal, Assistant Attorney General, Eric A. Swenson and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Nemuel Mahan pled guilty to felony vandalism (Pen. Code, § 594, subds. (a), (b)(1)), admitting he damaged personal property worth more than $400. The trial court granted Mahan two years of probation with various terms and conditions. Mahan contends, the People concede, and we agree, the probation order should be modified to reflect the court's oral pronouncement of judgment.

At sentencing, the court placed Mahan on probation and reviewed the terms and conditions it would impose. Defense counsel objected to probation condition 6(n), requiring Mahan to submit his computers and recordable media to search. Counsel argued that no nexus existed between that condition and Mahon's crime. The prosecution did not object. The court agreed and stated: "I'll impose the rest of the conditions as requested with the following modifications: . . . I'll delete the computers and recordable media at 6(n)." This change is not reflected in the written probation order in which the court checked the box including computers and recordable media.

We accept the People's concession that the written order granting formal probation should be amended to strike probation condition 6(n) to conform to the court's oral pronouncement. "In a criminal case, it is the *oral pronouncement of sentence* that constitutes the judgment." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385; *People v. Mesa* (1975) 14 Cal.3d 466, 471 [rendition of judgment is an oral pronouncement; the record of the oral pronouncement of the court controls over the clerk's minute order and abstract of judgment].) "As with other clerical errors, discrepancies between a [written order] and the

actual judgment as orally pronounced are subject to correction at any time, and should be corrected by a reviewing court when detected on appeal." (*Scott, supra*, at p. 1324.)

## DISPOSITION

The matter is remanded and the superior court is directed to modify the order granting formal probation to reflect the deletion of "computers and recordable media" on line 6(n). In all other respects, the judgment is affirmed.

DO, Acting P. J.

WE CONCUR:

KELETY, J.

RUBIN, J.

3